# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PACIFIC GATEWAY CONCESSIONS LLC, a California limited
liability company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER HUFFMAN, individually, and on behalf of other
members of the general public similarly situated;

**FILED**
SAN MATEO COUNTY

JAN 1 8 2019

Clerk of the Superior Court
By
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Califonia

County of San Mateo, Hall of Justice Courthouse
400 County Center, 1st Floor, Room A, Redwood City, CA 94063

CASE NUMBER:
*(Número de Caso):* 19CIV00412

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: JAN 1 8 2019
*(Fecha)*

NEAL TANIGUCHI

Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

19 - CIV - 00412
SUM
Summons Issued / Filed
1605776

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* PACIFIC GATEWAY CONCESSIONS LLC

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):* LLC
4. ☐ by personal delivery on *(date):* 3-7-19

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

**F I L E D**
SAN MATEO COUNTY

JAN 1 8 2019

Clerk of the Superior Court
By
DEPUTY CLERK

| | |
|---|---|
| **CHRISTOPHER HUFFMAN**<br>Plaintiff (s)<br><br>vs.<br><br>PACIFIC GATEWAY CONCESSIONS LLC,<br>A CALIFORNIA LIMITED LIABILITY<br>COMPANY<br>Defendant (s) | **Notice of Complex Case Status Conference**<br><br>Case No.: 19-CIV-00412<br>19 – CIV – 00412<br>NCCSC<br>Notice of Complex Case Status Conference<br>1605780<br><br>Date:  **3/6/2019**<br>Time:  **9:00 AM**<br>Dept. PJ |

Title: **CHRISTOPHER HUFFMAN  VS.  PACIFIC GATEWAY CONCESSIONS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, ET AL**

You are hereby given notice of your Complex Case Status Conference.  The date, time and department have been written above.  At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
    a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
    b. **Give reason notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order to Show Cause hearing will be at the same time as the Complex Cause Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).   The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunities to decide whether the action meets the definition in CRC 3.400(a).

4. Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (C)), designating an action as a complex case in Items 1,2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought.  Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues' (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties,

states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephone appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, and independent vendor, at least 5 business days prior to the scheduled conference.

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this court, not a party of this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this court as set forth above, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Red wood City, California.

Date: 1/18/2019

Neal I. Taniguchi,
Court Executive Officer/Clerk

By: _____

Antonio Geronimo,
Deputy Clerk

Copies mailed to:

EDWIN AIWAZIAN
410 WEST ARDEN AVENUE
SUITE 203
GLENDALE CA 91203

Rev. Jun. 2016

19 - CIV - 00412
NCMC
Notice of Case Management Conference
1605777

# NOTICE OF CASE MANAGEMENT CONFERENCE

*Christopher Huffman*

**FILED**
**SAN MATEO COUNTY**

Case No:   **19CIV00412**

vs.

*Pacific Gateway Concessions, LLC*

JAN 18 2019

Date:   **MAY 22 2019**

Clerk of the Superior Court

Time 9:00 a.m.

By _____
        DEPUTY CLERK

Dept. _____   –on Tuesday & Thursday

Dept. *11*      –on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or severing claims or parties;

   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at:  www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Edwin Aiwazian, SBN 232943
LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, CA 91203

TELEPHONE NO.: (818) 265-1020   FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff Christopher Huffman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
Huffman vs. Pacific Gateway Concessions LLC

**FOR COURT USE ONLY**

# FILED
SAN MATEO COUNTY

JAN 1 8 2019

Clerk of the Superior Court
By _____
DEPUTY CLERK

19-CIV-00412
CCCS
Civil Case Cover Sheet
1606775

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 19CIV00412 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 10
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case: *(You may use form CM-015.)*

Date: January 18, 2019

Edwin Aiwazian
(TYPE OR PRINT NAME)                                    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**FILE BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

1   Edwin Aiwazian (SBN 232943)
    **LAWYERS *for* JUSTICE, PC**
2   410 West Arden Avenue, Suite 203
    Glendale, California 91203
3   Tel: (818) 265-1020 / Fax: (818) 265-1021

4   *Attorneys for* Plaintiff

5

6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN MATEO**

10  CHRISTOPHER HUFFMAN, individually,      Case No.:  **1 9 C I V 0 0 4 1 2**
    and on behalf of other members of the
11  general public similarly situated;       **CLASS ACTION COMPLAINT FOR**
                                             **DAMAGES**
12              Plaintiff,
                                             (1)  Violation of California Labor Code
13      vs.                                       §§ 510 and 1198 (Unpaid
                                                  Overtime);
14  PACIFIC GATEWAY CONCESSIONS             (2)  Violation of California Labor Code
    LLC, a California limited liability company;      §§ 226.7 and 512(a) (Unpaid Meal
15  and DOES 1 through 100, inclusive,            Period Premiums);
                                             (3)  Violation of California Labor Code
16              Defendants.                       § 226.7 (Unpaid Rest Period
                                                  Premiums);
17                                           (4)  Violation of California Labor Code
                                                  §§ 1194, 1197, and 1197.1 (Unpaid
18                                                Minimum Wages);
                                             (5)  Violation of California Labor Code
19                                                §§ 201 and 202 (Final Wages Not
                                                  Timely Paid);
20                                           (6)  Violation of California Labor Code
                                                  § 204 (Wages Not Timely Paid
21   19 – CIV – 00412                             During Employment);
     CMP                                     (7)  Violation of California Labor Code
     Complaint                                    § 226(a) (Non-Compliant Wage
22   1605774                                      Statements);
                                             (8)  Violation of California Labor Code
23                                                § 1174(d) (Failure To Keep
                                                  Requisite Payroll Records);
24                                           (9)  Violation of California Labor Code
                                                  §§ 2800 and 2802 (Unreimbursed
25                                                Business Expenses);
                                             (10) Violation of California Business &
26                                                Professions Code §§ 17200, et seq.

27                                           **DEMAND FOR JURY TRIAL**

28

_LAWYERS for JUSTICE, PC_
_410 West Arden Avenue, Suite 203_
_Glendale, California 91203_

FILED
SAN MATEO COUNTY

JAN 1 8 2019

Clerk of the Superior Court
By _____
         DEPUTY CLERK

FILE BY FAX

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff CHRISTOPHER HUFFMAN ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of San Mateo.  At all relevant times, Defendant maintained its headquarters/ "nerve center" within the State of California, County of San Mateo.

## PARTIES

5.      Plaintiff CHRISTOPHER HUFFMAN is an individual residing in the State of California.

6.      Defendant PACIFIC GATEWAY CONCESSIONS LLC, at all times herein mentioned, was and is, upon information and belief, a California limited liability company and, at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of San Mateo.

///

///

2

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7.    At all relevant times, Defendant PACIFIC GATEWAY CONCESSIONS LLC was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.    At all times herein relevant, Defendants PACIFIC GATEWAY CONCESSIONS LLC, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.    Defendant PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.    Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

///

///

///

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## CLASS ACTION ALLEGATIONS

12.    Plaintiff bring this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

13.    The proposed class is defined as follows:

>    All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14.    Plaintiff reserves the right to establish subclasses as appropriate.

15.    The class is ascertainable and there is a well-defined community of interest in the litigation:

a.    Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.    Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    expended for the prosecution of this action for the substantial benefit of

2    each class member.

3        d.    <u>Superiority</u>: A class action is superior to other available methods for the

4    fair and efficient adjudication of this litigation because individual joinder

5    of all class members is impractical.

6        e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class

7    action will advance public policy objectives.  Employers of this great

8    state violate employment and labor laws every day.  Current employees

9    are often afraid to assert their rights out of fear of direct or indirect

10   retaliation.  However, class actions provide the class members who are

11   not named in the complaint anonymity that allows for the vindication of

12   their rights.

13   16.    There are common questions of law and fact as to the class members that

14   predominate over questions affecting only individual members.  The following common

15   questions of law or fact, among others, exist as to the members of the class:

16       a.    Whether Defendants' failure to pay wages, without abatement or

17   reduction, in accordance with the California Labor Code, was willful;

18       b.    Whether Defendants' had a corporate policy and practice of failing to

19   pay their hourly-paid or non-exempt employees within the State of

20   California for all hours worked and missed (short, late, interrupted,

21   and/or missed altogether) meal periods and rest breaks in violation of

22   California law;

23       c.    Whether Defendants required Plaintiff and the other class members to

24   work over eight (8) hours per day and/or over forty (40) hours per week

25   and failed to pay the legally required overtime compensation to Plaintiff

26   and the other class members;

27       d.    Whether Defendants deprived Plaintiff and the other class members of

28   meal and/or rest periods or required Plaintiff and the other class

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    members to work during meal and/or rest periods without compensation;

2    e.    Whether Defendants failed to pay minimum wages to Plaintiff and the

3          other class members for all hours worked;

4    f.    Whether Defendants failed to pay all wages due to Plaintiff and the other

5          class members within the required time upon their discharge or

6          resignation;

7    g.    Whether Defendants failed to timely pay all wages due to Plaintiff and

8          the other class members during their employment;

9    h.    Whether Defendants complied with wage reporting as required by the

10         California Labor Code; including, *inter alia*, section 226;

11   i.    Whether Defendants kept complete and accurate payroll records as

12         required by the California Labor Code, including, *inter alia*, section

13         1174(d);

14   j.    Whether Defendants failed to reimburse Plaintiff and the other class

15         members for necessary business-related expenses and costs;

16   k.    Whether Defendants' conduct was willful or reckless;

17   l.    Whether Defendants engaged in unfair business practices in violation of

18         California Business & Professions Code section 17200, et seq.;

19   m.    The appropriate amount of damages, restitution, and/or monetary

20         penalties resulting from Defendants' violation of California law; and

21   n.    Whether Plaintiff and the other class members are entitled to

22         compensatory damages pursuant to the California Labor Code.

23                          **GENERAL ALLEGATIONS**

24   17.   At all relevant times set forth herein, Defendants employed Plaintiff and other

25   persons as hourly-paid or non-exempt employees within the State of California, including the

26   County of San Mateo.

27   ///

28   ///

6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

18.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately October 2013 to approximately November 2016, in the State of California.

19.     Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

20.     Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

21.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did

8

1  not receive payment of all wages, including overtime and minimum wages and meal and rest

2  period premiums, within any time permissible under California Labor Code section 204.

3      33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4  knew or should have known that Plaintiff and the other class members were entitled to receive

5  complete and accurate wage statements in accordance with California law, but, in fact, they did

6  not receive complete and accurate wage statements from Defendants. The deficiencies

7  included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

8  other class members.

9      34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10  knew or should have known that Defendants had to keep complete and accurate payroll records

11  for Plaintiff and the other class members in accordance with California law, but, in fact, did

12  not keep complete and accurate payroll records.

13      35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

14  knew or should have known that Plaintiff and the other class members were entitled to

15  reimbursement for necessary business-related expenses.

16      36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

17  knew or should have known that they had a duty to compensate Plaintiff and the other class

18  members pursuant to California law, and that Defendants had the financial ability to pay such

19  compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

20  represented to Plaintiff and the other class members that they were properly denied wages, all

21  in order to increase Defendants' profits.

22      37.    During the relevant time period, Defendants failed to pay overtime wages to

23  Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other

24  class members were required to work more than eight (8) hours per day and/or forty (40) hours

25  per week without overtime compensation for all overtime hours worked.

26      38.    During the relevant time period, Defendants failed to provide all requisite

27  uninterrupted meal and rest periods to Plaintiff and the other class members.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

39.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

40.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

41.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia,* California Labor Code section 204.

42.   During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

43.   During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

44.   During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

45.   During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

46.   California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)

47.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48.   California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular

10

rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

49.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

50.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

51.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

52.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

53.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

54.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

55.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)**

56.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55, and each and every part thereof with the same force and effect as though fully set forth herein.

57.   At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

58.   At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

59.   At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

60.   At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.   During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

1  longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

2  minutes and/or rest period.

3       62.    During the relevant time period, Plaintiff and the other class members who were

4  scheduled to work for a period of time in excess of six (6) hours were required to work for

5  periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

6  (30) minutes and/or rest period.

7       63.    During the relevant time period, Defendants intentionally and willfully required

8  Plaintiff and the other class members to work during meal periods and failed to compensate

9  Plaintiff and the other class members the full meal period premium for work performed during

10  meal periods.

11       64.    During the relevant time period, Defendants failed to pay Plaintiff and the other

12  class members the full meal period premium due pursuant to California Labor Code section

13  226.7.

14       65.    Defendants' conduct violates applicable IWC Wage Order and California Labor

15  Code sections 226.7 and 512(a).

16       66.    Pursuant to applicable IWC Wage Order and California Labor Code section

17  226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

18  additional hour of pay at the employee's regular rate of compensation for each work day that

19  the meal or rest period is not provided.

20                           **THIRD CAUSE OF ACTION**

21                      **(Violation of California Labor Code § 226.7)**

22       **(Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)**

23       67.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

24  through 66, and each and every part thereof with the same force and effect as though fully set

25  forth herein.

26       68.    At all times herein set forth, the applicable IWC Wage Order and California

27  Labor Code section 226.7 were applicable to Plaintiff's and the other class members'

28  employment by Defendants.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

69.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

70.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

71.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

72.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

73.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

74.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

75.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///

///

///

///

14

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

78.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

79.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

81.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///
///
///
///

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 | 
2 | 
3 | 

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)**

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

85.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

86.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

87.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

///

16

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)

88.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

90.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

91.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

92.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

93.     Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

96.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

97.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

///

98.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

99.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

100.    Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)

101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

103.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

104.     As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

105.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

<div align="center">

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)**

</div>

106.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 105, and each and every part thereof with the same force and effect as though fully set forth herein.

107.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

108.     Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

109.     Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

110.     Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

<div style="text-align:left; font-variant:small-caps;">LAWYERS <i>for</i> JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203</div>

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against PACIFIC GATEWAY CONCESSIONS LLC and DOES 1 through 100)

111.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 110, and each and every part thereof with the same force and effect as though fully set forth herein.

112.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

113.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

114.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

115.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

///

<div style="text-align:center;">21</div>

116.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

117.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.    For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential, and incidental losses and damages, according to proof;

13.    For premium wages pursuant to California Labor Code section 226.7(c);

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

17.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

1    19.    For all actual, consequential, and incidental losses and damages, according to

2  proof;

3    20.    For premium wages pursuant to California Labor Code section 226.7(c);

4    21.    For pre-judgment interest on any unpaid wages from the date such amounts

5  were due; and

6    22.    For such other and further relief as the Court may deem just and proper.

7                    **As to the Fourth Cause of Action**

8    23.    That the Court declare, adjudge and decree that Defendants violated California

9  Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to

10  Plaintiff and the other class members;

11    24.    For general unpaid wages and such general and special damages as may be

12  appropriate;

13    25.    For statutory wage penalties pursuant to California Labor Code section 1197.1

14  for Plaintiff and the other class members in the amount as may be established according to

15  proof at trial;

16    26.    For pre-judgment interest on any unpaid compensation from the date such

17  amounts were due;

18    27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

19  California Labor Code section 1194(a);

20    28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

21    29.    For such other and further relief as the Court may deem just and proper.

22                    **As to the Fifth Cause of Action**

23    30.    That the Court declare, adjudge and decree that Defendants violated California

24  Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

25  time of termination of the employment of Plaintiff and the other class members no longer

26  employed by Defendants;

27    31.    For all actual, consequential, and incidental losses and damages, according to

28  proof;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

1    32.    For statutory wage penalties pursuant to California Labor Code section 203 for

2    Plaintiff and the other class members who have left Defendants' employ;

3    33.    For pre-judgment interest on any unpaid compensation from the date such

4    amounts were due; and

5    34.    For such other and further relief as the Court may deem just and proper.

6                          **As to the Sixth Cause of Action**

7    35.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code section 204 by willfully failing to pay all compensation owed at the time required

9    by California Labor Code section 204 to Plaintiff and the other class members;

10    36.    For all actual, consequential, and incidental losses and damages, according to

11    proof;

12    37.    For pre-judgment interest on any unpaid compensation from the date such

13    amounts were due; and

14    38.    For such other and further relief as the Court may deem just and proper.

15                          **As to the Seventh Cause of Action**

16    39.    That the Court declare, adjudge and decree that Defendants violated the record

17    keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

18    as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

19    wage statements thereto;

20    40.    For actual, consequential and incidental losses and damages, according to proof;

21    41.    For statutory penalties pursuant to California Labor Code section 226(e);

22    42.    For injunctive relief to ensure compliance with this section, pursuant to

23    California Labor Code section 226(h); and

24    43.    For such other and further relief as the Court may deem just and proper.

25                          **As to the Eighth Cause of Action**

26    44.    That the Court declare, adjudge and decree that Defendants violated California

27    Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

28    for Plaintiff and the other class members as required by California Labor Code section

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   1174(d);

2        45.    For actual, consequential and incidental losses and damages, according to proof;

3        46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

4        47.    For such other and further relief as the Court may deem just and proper.

5                    **As to the Ninth Cause of Action**

6        48.    That the Court declare, adjudge and decree that Defendants violated California

7   Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other

8   class members for all necessary business-related expenses as required by California Labor

9   Code sections 2800 and 2802;

10       49.    For actual, consequential and incidental losses and damages, according to proof;

11       50.    For the imposition of civil penalties and/or statutory penalties;

12       51.    For reasonable attorneys' fees and costs of suit incurred herein; and

13       52.    For such other and further relief as the Court may deem just and proper.

14                   **As to the Tenth Cause of Action**

15       53.    That the Court decree, adjudge and decree that Defendants violated California

16  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

17  other class members all overtime compensation due to them, failing to provide all meal and

18  rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to

19  Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

20  wages timely as required by California Labor Code section 201, 202 and 204 and by violating

21  California Labor Code sections 226(a), 1174(d), 2800 and 2802.

22       54.    For restitution of unpaid wages to Plaintiff and all the other class members and

23  all pre-judgment interest from the day such amounts were due and payable;

24       55.    For the appointment of a receiver to receive, manage and distribute any and all

25  funds disgorged from Defendants and determined to have been wrongfully acquired by

26  Defendants as a result of violation of California Business and Professions Code sections

27  17200, et seq.;

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

2    California Code of Civil Procedure section 1021.5;

3    57.    For injunctive relief to ensure compliance with this section, pursuant to

4    California Business and Professions Code sections 17200, et seq.; and

5    58.    For such other and further relief as the Court may deem just and proper.

6    Dated: January 16, 2019                              LAWYERS *for* JUSTICE, PC

7

8                                                   By:

9                                                        Edwin Aiwazian
                                                         *Attorneys for* Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

1  KYLE L. SCHRINER (State Bar No. 215853)
2  SCHRINER LAW FIRM, PC
   2140 Shattuck Ave., Suite 1105
3  Berkeley, CA 94704
   Telephone: (415) 321-4924
4  Facsimile:  (415) 520-6450
   Email:     kyle@schrinerlaw.com
5
   Attorney for Defendant
6  PACIFIC GATEWAY CONCESSIONS LLC

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAR 2 9 2019

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

10                FOR THE COUNTY OF SAN MATEO

11

12  CHRISTOPHER HUFFMAN, individually,        CASE NO. 19-CIV-00412
    and on behalf of other members of the
13  general public similarly situated,        **ANSWER OF DEFENDANT PACIFIC**
                                              **GATEWAY CONCESSIONS LLC TO**
14                Plaintiff,                  **PLAINTIFF'S COMPLAINT**

15         v.

16  PACIFIC GATEWAY CONCESSIONS LLC,
    a California limited liability company; and
17  DOES 1 through 100, inclusive,

18                Defendants.

19

20

21

22       Pacific  Gateway  Concessions  LLC  ("Defendant")  responds  to  the  unverified

23  complaint of Christopher Huffman ("Plaintiff") as follows:

24

25                      **GENERAL DENIAL**

26       Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies

27  generally the material allegations of the complaint.

28  / / /

                              1
─────────────────────────────────────────────

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AFFIRMATIVE DEFENSES**

As a separate and further response to the complaint, Defendant alleges as follows:

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.     The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, fail to state facts sufficient to constitute a cause of action.

SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitations)

2.     The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part by the applicable statute of limitations including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340, and 343, California Business and Professions Code section 17208, and California Labor Code section 203.

THIRD AFFIRMATIVE DEFENSE

(Collective Bargaining Agreement)

3.     The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part because Plaintiff and proposed class members worked under a qualifying collective bargaining agreement or agreements.

FOURTH AFFIRMATIVE DEFENSE

(Federal Preemption)

4.     The complaint, and/or causes of action asserted therein, are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because Plaintiff and proposed class members worked under a qualifying collective bargaining agreement or agreements.

FIFTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Grievance Procedures and Arbitration)

5.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part because Plaintiff and proposed class members did not follow the processes and steps required by their applicable collective bargaining agreement(s), including mandatory internal grievance resolution procedures and binding arbitration.

SIXTH AFFIRMATIVE DEFENSE

(Settlement or Release)

6.    The complaint, and/or causes of action asserted therein, are barred to the extent they are subject to prior settlement or release agreements.

SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

7.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part because of their waiver of alleged claims.

EIGHTH AFFIRMATIVE DEFENSE

(Consent)

8.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part because of their consent to alleged acts or omissions.

NINTH AFFIRMATIVE DEFENSE

(Estoppel)

9.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part by the doctrine of estoppel.

/ / /

/ / /

TENTH AFFIRMATIVE DEFENSE

(Laches)

10.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part because of their unreasonable delay to Defendant's prejudice.

ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

11.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part because of their unclean hands or inequitable or wrongful conduct.

TWELFTH AFFIRMATIVE DEFENSE

(De Minimis)

12.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part by the *de minimis* doctrine.

THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Knowledge)

13.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred with respect to time allegedly worked of which Defendant lacked actual or constructive knowledge.

FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith and No Willful Violation)

14.    The complaint, and/or causes of action asserted or relief or penalties demanded therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part because Defendant's actions were reasonable and in good faith, and Defendant did not willfully, knowingly, or intentionally fail to comply with law.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIFTEENTH AFFIRMATIVE DEFENSE

(Substantial Compliance)

15.     The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred in whole or in part because Defendant complied with its statutory obligations, and to the extent there was any non-compliance, Defendant substantially complied with its obligations.

SIXTEENTH AFFIRMATIVE DEFENSE

(Acts of Others)

16.     The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred to the extent alleged injuries and damages were caused by the acts or omissions of Plaintiff, class members, or third parties, and not by Defendant.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Follow Directions)

17.     The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred to the extent their alleged injuries and damages arise from their own failures to follow Defendant's instructions and comply with Defendant's work-time recording and/or other lawful and reasonable policies and requirements.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Breach of Duty)

18.     The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred by virtue of their own breaches of duties owed to Defendant under California Labor Code sections 2854, 2856-59.

NINETEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

19.     The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred, or recovery thereupon is reduced, to the

5

extent that: (a) Defendant took reasonable steps to prevent and/or correct the conduct alleged in the complaint; (b) Plaintiff and/or proposed class members unreasonably failed to use available preventive and corrective measures; and (c) reasonable use thereof would have prevented at least some of the alleged harm.

<div align="center">TWENTIETH AFFIRMATIVE DEFENSE</div>

<div align="center">(Failure to Mitigate)</div>

20.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred, or recovery thereupon is reduced, to the extent they have failed to exercise reasonable efforts to mitigate their alleged damages.

<div align="center">TWENTY-FIRST AFFIRMATIVE DEFENSE</div>

<div align="center">(Setoff and Recoupment)</div>

21.    Defendant is entitled to offset against any judgment all overpayments to or other obligations owing by Plaintiff or any proposed class member to Defendant.

<div align="center">TWENTY-SECOND AFFIRMATIVE DEFENSE</div>

<div align="center">(Waiting Time Penalties)</div>

22.    The complaint fails to state a cause of action for statutory waiting time penalties to the extent it concerns proposed class members who remained employed by Defendant by the time this action was filed.

<div align="center">TWENTY-THIRD AFFIRMATIVE DEFENSE</div>

<div align="center">(Lack of Standing)</div>

23.    The complaint, and/or causes of action asserted therein by Plaintiff or on behalf of proposed class members, are barred to the extent Plaintiff and/or class members lack standing to pursue them.

<div align="center">TWENTY-FOURTH AFFIRMATIVE DEFENSE</div>

<div align="center">(No UCL Remedy)</div>

24.    The complaint fails to state a cause of action under California Business and Professions Code sections 17200, *et seq.* (the "UCL"), because Plaintiff and proposed class members are entitled to no remedy available thereunder.

1

<div align="center">

TWENTY-FIFTH AFFIRMATIVE DEFENSE

</div>

2

<div align="center">

(Adequate Remedy at Law)

</div>

3       25.    Plaintiff and/or proposed class members are not entitled to equitable relief, for

4   they have adequate remedies at law.

5

<div align="center">

TWENTY-SIXTH AFFIRMATIVE DEFENSE

</div>

6

<div align="center">

(Lack of Numerosity)

</div>

7       26.    The complaint fails to the extent it asserts a class action because the class

8   Plaintiff would represent lacks sufficient numerosity.

9

<div align="center">

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

</div>

10

<div align="center">

(Uncertainty)

</div>

11       27.    The complaint fails to the extent it asserts a class action because the

12   definitions of the proposed class are ambiguous and/or overly broad.

13

<div align="center">

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

</div>

14

<div align="center">

(Lack of Commonality or Typicality)

</div>

15       28.    The complaint fails to the extent it asserts a class action because Plaintiff's

16   alleged claims are neither common to nor typical of those, if any, of the proposed class.

17

<div align="center">

TWENTY-NINTH AFFIRMATIVE DEFENSE

</div>

18

<div align="center">

(Not Similarly Situated)

</div>

19       29.    The complaint fails to the extent it asserts a class action because Plaintiff's

20   alleged claims are not appropriate for collective action treatment, as Plaintiff is not similarly

21   situated to or representative of members of the proposed class.

22

<div align="center">

THIRTIETH AFFIRMATIVE DEFENSE

</div>

23

<div align="center">

(Inadequate Class Representative)

</div>

24       30.    The complaint fails to the extent it asserts a class action because Plaintiff will

25   not fairly and adequately represent the proposed class.

26   / / /

27   / / /

28   / / /

<div align="center">

7

</div>

<div align="center">THIRTY-FIRST AFFIRMATIVE DEFENSE</div>

<div align="center">(Lack of Superiority)</div>

31.    The complaint fails to the extent it asserts a class action because the proposed class action fails to satisfy the superiority requirement.

<div align="center">THIRTY-SECOND AFFIRMATIVE DEFENSE</div>

<div align="center">(No Ascertainable Class)</div>

32.    The complaint fails to the extent it asserts a class action because the proposed class is not ascertainable; no well-defined community of interest exists among the proposed class members.

<div align="center">THIRTY-THIRD AFFIRMATIVE DEFENSE</div>

<div align="center">(Individual Questions Predominate)</div>

33.    The complaint fails to the extent it asserts a class action because individual questions of law and/or fact predominate with respect to members of the proposed class, and the Plaintiff's claims and Defendant's defenses relating thereto, and accordingly are not appropriate for class treatment.

<div align="center">THIRTY-FOURTH AFFIRMATIVE DEFENSE</div>

<div align="center">(Violation of Due Process)</div>

34.    Certification of a class, and prosecution of a representative action under the UCL, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant prays:

1.   That Plaintiff take nothing by way of his complaint;

2.   That judgment be entered in favor of Defendant;

3.   That Defendant be granted costs of suit, including reasonable attorneys' fees to the extent permitted by contract or law; and

4.   For such other and further relief as the Court deems just and proper.

Dated:  March 29, 2019                          SCHRINER LAW FIRM, PC


By: Kyle L. Schriner
Attorney for Defendant PACIFIC
GATEWAY CONCESSIONS LLC

9

DEFENDANT PACIFIC GATEWAY CONCESSIONS LLC'S ANSWER TO COMPLAINT

1   **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

3

4        On March 29, 2019, I served the foregoing document(s) described as

5   **ANSWER OF DEFENDANT PACIFIC GATEWAY CONCESSIONS LLC TO PLAINTIFF'S**

6   **COMPLAINT** on the interested party/parties in this action as follows:

7

8   Edwin Aiwazian, Esq.
    Lawyers for Justice, PC
9   410 West Arden Ave., Suite 203
    Glendale, CA 91203
10  Tel:   (818) 265-1020
    Fax:   (818) 265-1021
11  *Attorney for Plaintiff Christopher Huffman*

12

13        ☒      BY MAIL:  By placing a true and correct copy of such document(s)

14  enclosed in a sealed envelope addressed to the offices indicated above.  I am "readily

15  familiar" with the firm's practice of collection and processing correspondence for mailing.

16  Under that practice it would be deposited with U.S. postal service on that same day with

17  postage thereon fully prepaid at Berkeley, California in the ordinary course of business.  I

18  am aware that on motion of the party served, service is presumed invalid if postal

19  cancellation date or postage meter date is more than one day after date of deposit for

20  mailing an affidavit.

21        Executed on March 29, 2019 at Berkeley, California.

22        I declare under penalty of perjury under the laws of the State of California that

23  the above is true and correct.

24

25

26                                        Kyle L. Schriner

27

28

                                         10
                    DEFENDANT PACIFIC GATEWAY CONCESSIONS LLC'S ANSWER TO COMPLAINT